**CONNIE MARSHALL**                                                                    **PLAINTIFF**

**v.**

**RICHARDSON PROPERTIES** *et al.*                                      **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff, Connie Marshall, filed this *pro se* action against Richardson Properties,

Michelle Richardson, Mr. Richardson, Judge David Bowles, Judge Kevin Delahanty, and

Attorney Steven Snow.  Marshall alleges that Defendants have participated in committing the

following violations: 1) conspiracy; 2) violation of the false claims act; 3) fraud; 4) retaliation; 5)

malicious prosecution; 6) false arrest; 7) violation of my right to attorney representation; 8)

violated court procedures; 9) violation of civil rights; 10) violation of civil liberties; 11) violation

of human rights; 12) racism; 13) abuse of power; 14) violation of color of law; 15) illegal

incarceration; 16) trespassing; 17) defamation libel and defamation slander; 18) violating my

right to use any and all communication; 19) obstruction of justice; 20) emotional distress, pain

suffering and physical damages; and 21) violation of oath of office.   Marshall is seeking thirty

million dollars against Defendants.

From the complaint, it appears that Marshall rented some commercial space from

Richardson Properties for her business.  After she moved in, Marshall alleges that Richardson

Properties showed the space to other prospective tenants and asked her to vacate even though her

rent was paid in full.  Marshall also alleges that the phone lines in the rented space were not

operational and "another" line was placed in her office.

Marshall provides additional details in a "log of events" attached to her complaint. It appears from Marshall's log that she moved in the space in October 2006. Marshall alleges that she had problems with the phone service from the outset. In March 2008 Marshall received a summons to go to court from Richardson Properties. She appeared before Judge Kevin Delahanty. Marshall states that Judge Delahanty incorrectly ruled in favor of Richardson Properties and refused to allow Marshall additional time to present evidence in support of her case. She states that she was ordered to pay Richardson Properties $3,643.97 plus court costs. Marshall appealed. She then received a subpoena to appear for a post-judgment deposition from Richardson Properties. When Marshall failed to appear, two sheriffs came to her house and stated that they had a warrant for her arrest. Marshall was handcuffed and taken to jail. After a night in jail, Marshall was brought before Judge David Bowles and told that she either had to answer Richardson Properties's deposition questions or go back to jail. The deposition then took place and Marshall was questioned by Attorney Steven Snow.

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court will dismiss any asserted federal causes of action for failure to state a claim. The Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

## A.  Conspiracy

There is no federal, civil private right of action for participating in a conspiracy. "Section 1983 does not . . . punish conspiracy; an actual denial of a civil right is necessary before

a cause of action arises." *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982).  As explained below, Marshall has not established that any federal right of hers has been violated by Defendants.  Furthermore, Marshall's allegations of a vast conspiracy against her are too broad and vague to state a claim.  *See, e.g., Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough to simply aver in the complaint that a conspiracy existed.").

## B.    Violation of False Claims Act

The False Claims Act (FCA) establishes a scheme that permits either the Attorney General, 31 U.S.C. § 3730(a), or a private party, 31 U.S.C. § 3730(b), to initiate a civil action alleging fraud on the Government.  A private enforcement action under the FCA is called a qui tam action, with the private party referred to as the "relator."  Marshall has not complied with the requirements for filing a qui tam action.[1]  This fact is adequate for dismissal on its own.  *See White v. Apollo Group*, 241 F. Supp. 2d 710, 714 (W.D. Tex. 2003) ("In this case, Plaintiff has failed to procedurally comply with the strict requirements of § 3730.  Accordingly, this claim must also be dismissed.").  Additionally, even if Marshall had followed the procedural requirements, she has not alleged an actionable claim.  A qui tam action must allege a fraud committed on the government.  *See* 31 U.S.C. § 3729.  Here, Marshall has alleged only wrongs committed against her personally.

---

[1]According to § 3730 of the FCA, a "qui tam" claim must contain the following procedural requirements: (1) the action must be brought in the name of the Government; (2) the complaint must be filed *in camera* and under seal; (3) the plaintiff must serve a copy of the complaint and a written disclosure of all material evidence on the Government; and (4) the complaint shall not be served on the defendant until the court so orders.  31 U.S.C. § 3730.

**C.**     <u>Violation of my right to attorney representation</u>

Marshall was arrested and brought before the court in a civil contempt proceeding for her failure to appear for a deposition. She complains that she should have been given an attorney to represent her in these proceedings. However, the Sixth Amendment right to counsel does not attach to civil contempt proceedings like those faced by Marshall. *Northeast Women's Ctr. v. McMonagle*, 939 F.2d 57, 68-69 (3d Cir. 1991) ("[T]his was a civil, not criminal, contempt proceeding, so that arguments predicated on the Sixth Amendment are inapposite.").

**D.**     <u>Violation of Court Procedures</u>

There is no federal cause of action for a state-court judge or attorney violating state-court procedures.

**E.**     <u>Violation of Civil Rights/Liberties</u>

Nowhere in her complaint does Marshall state what "civil rights/liberties" she claims were violated. The court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, the Court will not and is not required to speculate which "civil rights" or "liberties" Marshall contends may have been violated. The duty to be less stringent with *pro se* complaints, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate

advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**F.**     **Racism**

Marshall has not made any allegations of race in the body of her complaint. In fact, she fails to even identify her own race. Furthermore, she has not alleged that Defendants acted out of any racial animus against her. Therefore, any potential federal claim based on racial discrimination has not been properly pled.

**G.**     **Abuse of power/violation of color of law**

There is no federal "abuse of power" cause of action. *Riley v. Camp*, 130 F.3d 958, 974 (11th Cir. 1997) ("This reduces the Due Process Clause to nothing more than a catch-all provision that creates a cause of action for any abuse of government power. This is not a principled rule; this is not a workable rule of law.").

**H.**     **Right to Use Communication**

The Court is uncertain, but thinks perhaps Marshall is attempting to sue Richardson Properties and its owners under 42 U.S.C. § 1983 for violations of the Due Process Clause for her alleged inability to have a phone line in her business. Richardson Properties and its owners are not state actors, and therefore, may not be sued under 42 U.S.C. § 1983. *See S.H.A.R.K. v. Metro Parks Serving Summit County*, 499 F.3d 553, 564 (6th Cir. 2007).

**I.**     **Illegal Incarceration/False Arrest**

The Fourth Amendment made applicable to the states by the Fourteenth Amendment prohibits searches and seizures absent probable cause or a warrant based on probable cause. *See*

U.S. CONST. amend. IV.  Based on Marshall's complaint, it appears that she was arrested and incarcerated pursuant to a bench warrant that was issued based on her failure to attend a deposition.  Where a plaintiff is named in a valid bench warrant, probable cause for her arrest pursuant to that warrant is established, and her Fourth Amendment argument is without merit. *See Luckes v. County of Hennepin*, 415 F.3d 936, 939 (8th Cir. 2005); *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) ("Jones's Fourth Amendment allegations fail because he admitted that a facially valid bench warrant existed.").

**J.**     **Obstruction of Justice**

Obstruction of justice is a criminal charge that does not provide a private cause of action. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997).

**K.**     **Violation of Oath of Office**

"Courts have held that there is no private cause of action for an official's alleged violation of an oath of office."  *Scheiner v. Bloomberg*, No. 08 Civ. 9072 (SHS), 2009 U.S. Dist. LEXIS 21176 at *9 (S.D.N.Y. Mar. 17, 2009) (citing *Mechler v. Hodges*, No. C-1-02-948, 2005 U.S. Dist. LEXIS 45448, at *20-21 (S.D. Ohio June 15, 2005) and *Simon v. Northern Farms*, No. 97-1164-JTM, 1997 U.S. Dist. LEXIS 13472, at *17-18 (D. Kan. Aug. 26, 1997)).

**L.**     **Human Rights**

The Universal Declaration of Human Rights (UDHR) is not a treaty or international agreement that imposes legal obligations on the United States.  Rather, it is a statement of principles aimed at providing a common standard for international human rights.  *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004).  Because it is not enforceable in American courts, the UDHR claim will be dismissed.

**M.**     **State-Law Claims**

The Court has analyzed each claim that could conceivably be construed as an attempt to plead a federal cause of action.  Having done so, the Court has failed to find any viable federal-law claims.  Marshall has failed to allege that the requirements for satisfying diversity jurisdiction are met in this case.  28 U.S.C. § 1332(a)(1).  Thus, the Court does not have original jurisdiction over the state-law claims.  Having dismissed all potential federal causes of action, the Court declines to exercise supplemental jurisdiction over the state-law claims.  *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction).

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4412.008